■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BRIGANTE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vinik, J.), rendered July 12, 1984, convicting him of unlawfully offering for sale motor vehicle parts with altered vehicle identification numbers, criminal possession of stolen property in the third degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict and imposing sentence. The appeal brings up for review (1) the denial (Broomer, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence, and (2) the denial (Broomer, J.), without a hearing, of the defendant's motion pursuant to CPL 330.30 (1) to set aside the jury verdict. By order dated December 9, 1985, this court remitted the matter to Criminal Term to hear and report, after a reopened suppression hearing, and held the appeal in abeyance in the interim *(see, People v Brigante,* 115 AD2d 547). Criminal Term has now complied.

Justice Niehoff has been substituted for former Justice O'Connor *(see,* 22 NYCRR 670.2 [c]).

Ordered that the judgment is reversed, on the law, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

Inasmuch as the statutory authority pursuant to which the police officers acted in searching the defendant's premises *(see,* Vehicle and Traffic Law § 415-a [5] [a]; NY City Charter § 436)

has now been held to be an unconstitutional infringement upon the right to be protected against unreasonable searches and seizures *(see, People v Burger,* 67 NY2d 338, *cert granted* — US —, 107 S Ct 61), the defendant's conviction, based on his offering for sale and possession of stolen automobile parts and on the discovery of a gun on the premises which was recovered as a direct result of the unconstitutional search, can no longer stand *(see, e.g., People v Vitti,* 121 AD2d 664). Mangano, J. P., Bracken, Niehoff and Weinstein, JJ., concur. *[See,* 131 Misc 2d 708.]